UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| HUE-MAR, LLC | CIVIL ACTION NO. 07-0635 |
|---|---|
|    d/b/a Campers Unlimited | |
| | JUDGE MELANÇON |
| VERSUS | |
| | MAGISTRATE JUDGE METHVIN |
| FREEDOMROADS OPERATIONS CO., LLC | |
| MEYERS RV CENTERS, LLC | |
| BANK OF AMERICA, N.A. | |

### MINUTES OF 11-28-2007 TELEPHONE CONFERENCE
### AND RULING ON MOTION TO QUASH DEPOSITIONS
### AND FOR PROTECTIVE ORDER
*(Rec. Doc. 41)*

The undersigned magistrate judge conducted a telephone discovery conference on November 28, 2007, beginning at 2:00 p.m. and concluding at 2:45 p.m. to address the Motion to Quash Depositions and for Protective Order filed by defendants Freedomroads Operations Company, LLC and Meyer's RV Centers, LLC ("Movers") (Rec. Doc. 41). Participating in the conference were the following attorneys:

| NAME OF PARTY | ATTORNEYS |
|---|---|
| Hue-Mar, LLC, d/b/a Campers Unlimited, Plaintiff | Virgil A. Lacy, III<br>Robert H. Cooper |
| Freedomroads Operations Company, LLC<br>Meyer's RV Centers<br>Defendants | Raymond C. Jackson, III |
| Bank of America NA | Stephen P. Strohschein |

On November 19, 2007, plaintiff issued 30(b)(6) Deposition Notices to Meyer's and Freedomroads, scheduling their corporate depositions in Lafayette, La., at the offices of defense

2

counsel, Allen & Gooch. The depositions were scheduled for December 4 and 5, 2007 respectively.

Defendants objected to the location because neither are Louisiana corporations, and their principal place of business is Chicago.

"It is well settled that "(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business," especially when, as in this case, the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, *651 (5$^t$h Cir. 1979). However, the court has broad discretion to determine the appropriate place for examination. See Tailift USA, Inc. v. Tailift Co., Ltd. 2004 WL 722244, *1 (N. D. Tex.,2004).

In their briefs to the Court, both movers and plaintiff agreed that the factors set forth in Resolution Trust Corp. v. Worldwide Ins. Management Corp., 147 F.R.D. 125, 127 (N. D. Tex. 1991) apply when determining whether sufficient circumstances have been shown to overcome the presumption that a corporate deposition should be taken at the corporation's principal place of business. The court there held that a number of factors may overcome the presumption and persuade the court to permit the deposition elsewhere:

    1. counsel for the parties being located in the forum district;

    2. plaintiff seeking to depose only one corporate representative;

    3. defendant choosing a corporate representative that resides outside the location of the principal place of business and the forum district;

    4. significant discovery disputes that may arise and the anticipated necessity of the resolution by the forum court; and

    5. the claim's nature and the parties' relationship such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

3

Resolution Trust Corp. v. Worldwide Ins. Management Corp., 147 F.R.D. 125, 127 (N. D. Tex.1992).

    Plaintiff argued in its brief that factors one and two weigh in favor of the Court permitting the deposition to occur here, as both counsel are located in Louisiana and plaintiff seeks to depose only one corporate representative.  However, it became clear during the telephone conference that defendants intended to produce as many as four corporate representatives in order to respond to the subject matter identified in the notices.[1]  Obviously, nothing is saved in cost or efficiency by requiring four corporate representatives to fly to Louisiana for their depositions in order to save roughly the same number of attorneys from having to travel.

    As to factor three, two of the corporate representatives reside in Chicago and two reside in the New York area.  The undersigned explored with counsel the possibility of flying the two New York representatives to Louisiana for a first round of depositions, since plaintiff's counsel believed these were the key players, and there is an 80% to 90% possibility that no further corporate depositions would be needed.  However, defense counsel strenuously objected, pointing out that they were required to produce deponents who could respond to all subjects identified in the notice of deposition, and that the New York witnesses would not be able to do that.  The undersigned was finally convinced that bifurcating the 30(b)(6) depositions would not be efficient or economical.

---

[1] Defense counsel, Mr. Jackson, dentified several individuals who were likely to be produced, including Dave McMahon, Mark Calzone, Roger Nuttal, Brent Moody, Marcus Lemonis, and Karen Bell. Dave McMahon and Mark Calzone were identified as the key people who "ran the deal" in Louisiana and who live and work at dealerships in New York.

4

Factor four carries little weight since any disputes which might arise could be handled by telephone.

Factor number five examines the nature of the claim and the relationship of the parties. Plaintiff argued in its brief that "[this] is a situation in which the defendants knowingly and deliberately came to Louisiana to do business with Hue-Mar, did business solely with Hue-Mar solely in Louisiana, caused Hue-Mar to transfer the profits generated from their business venture to Defendants' bank, then terminated the agreement and left the state." Plaintiff argued that this is the very type of fact pattern envisioned in factor number five. Plaintiff also argued that it would bear the greater burden in traveling to Chicago, that representatives of defendants have consistently traveled to Hue-Mar's business location in St. Martin Parish, Louisiana to conduct all relevant business, and that it has less resources than defendants. According to plaintiff, the defendants' executives are well accustomed to travel and, as they have business locations in the state, it is likely that members of their organization will travel to Louisiana regularly to conduct business.

Plaintiff also submitted records from the Louisiana Secretary of State that Meyer's RV has registered a principal place of business in Louisiana.

Considering all of the factors, however, the undersigned was convinced that the usual rule should be applied: "the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." Salter v. Upjohn Co. *supra*, 593 F.2d at 651.

After considering the arguments of counsel, the following orders were entered:

1. **IT WAS ORDERED** that defendants' Motion to Quash Depositions and for Protective Order (Rec. Doc. 41) be **GRANTED**.

5

2. **IT WAS FURTHER ORDERED** that a follow-up telephone conference will be held on Thursday, November 29, 2007 at 10:30 a.m.  Counsel stated that the deposition dates of December 4 and 5 were not clear for some of the witnesses.  In the interim, counsel will obtain mutually agreeable dates for the depositions.  At the followup conference, counsel for movers shall also report the exact identities of the individuals to be designated in response to the 30(b)(6) notices.

Signed at Lafayette, Louisiana, on December 4, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)